Thistle v. May Department Stores     CV-97-423-SD   12/30/98

### UNITED STATES DISTRICT COURT FOR THE

### DISTRICT OF NEW HAMPSHIRE

Judith Thistle

    v.                                          Civil No. 97-423-SD

The May Department Stores,
 d/b/a Filene's Department Store


## O R D E R

The civil action now before the court was originally filed in state court, but has since been removed to this court on the basis of diversity jurisdiction.  The plaintiff, Judith Thistle, alleges false imprisonment, assault and battery, unauthorized taking, an invasion of privacy, intentional infliction of emotional distress, and extortion arising from the defendant's employees' apprehension and detention of the plaintiff.  The complaint alleges willful, malicious, and outrageous conduct sufficient to justify the imposition of enhanced compensatory damages.  Before the court is defendant's motion to dismiss Count II of the complaint, to which plaintiff objects[1] and plaintiff's motion to compel, to which defendant objects.

---

[1]The Court notes that plaintiff's memorandum in support of her objection violates Local Rule 5.1(a) and (b).  Although the court has accepted the memorandum in the interests of judicial efficiency, the court notes that violations of the local rules are not looked upon favorably.

## Background

On May 29, 1997, the plaintiff, Judith Thistle, was working at the men's fragrance counter of the Filene's Department Store at the Rockingham Mall in Salem, New Hampshire. Filene's Department Store is owned and operated by May's Department Stores, a Delaware Corporation. At some point during her shift, Thistle went out to her car to take her break. On her way to her car, Thistle took two men's shirts and concealed them in her bag. As Thistle sat in her car, she was approached by two members of Filene's security department who had observed Ms. Thistle remove the two shirts from the store without paying for them. Thistle alleges that one of the security officers pulled her from her car, and told her that she was under arrest. Eventually, Thistle accompanied the two men back into the store to discuss the situation and ultimately admitted that she had taken the two shirts and that she had taken merchandise in the past.

Thistle does not deny that she took the two shirts; rather, Thistle alleges that the manner in which she was questioned was indicia of hatred sufficient to sustain enhanced compensatory damages. See (Thistle Mem. at 2).

## Discussion

### 1. Standard of Review

The Federal Rules of Civil Procedure state that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The role of the trial judge in ruling on a motion for summary judgment is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The purpose of summary judgment is to avoid unnecessary trials, not to substitute for a trial when it is indeed necessary to find material facts. See Scripps Clinic & Research Found. v Genentech, Inc., 927 F.2d 1565, 1570 (Fed. Cir. 1991)(citing Meyers v. Brooks Shoe, Inc., 912 F.2d 1459, 1461 (Fed. Cir. 1990)).

The burden that the moving party must bear is proving that there is no genuine issue of material fact. See Anderson, supra, 477 U.S. at 248. Material facts are identified by the substantive law. See id. Similarly, summary judgment will only lie "if the

dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and must draw all permissible inferences in favor of that party. See Gummo v. Village of Depew, N.Y., 75 F.3d 98, 107 (2d Cir.), cert. denied 116 S.Ct. 1678 (1996); Saenger Organization v. Nationwide Ins. Assoc., 119 F.3d 55, 57 (1st Cir. 1997).

## 2. Enhanced Compensatory Damages

Filene's chief argument is that New Hampshire law does not permit the award of punitive damages.[2]  Filene's is correct, New Hampshire law states explicitly that "[n]o punitive damages shall be awarded in any action, unless otherwise provided by statute." N.H. REV. STAT. ANN. (RSA) § 507:16 (1997).  The state of the law in New Hampshire relative to punitive damages has been settled since the ancient case of Fay v. Parker, 53 N.H. 342 (1873). There, Justice Foster declared in no uncertain terms that the idea

---

[2]In considering this motion, the court, sitting in diversity jurisdiction, recognizes the applicability of the state law of the forum to substantive issues. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1937)

4

that a civil remedy for the plaintiff is the punishment of the defendant is "[W]rong. It is a monstrous heresy. It is an unsightly and unhealthy excrescence, deforming the symmetry of the body of law." Id. at 382. Justice Foster stated further that the imposition of punishment is properly relegated to the criminal law. Id. A civil remedy is properly limited to reparation for a wrong inflicted, compensation for the damages or injury sustained by the plaintiff. See id.

Although New Hampshire law does not permit punitive damages, it does allow enhanced compensatory damages for tortious conduct committed under aggravating circumstances. Plaintiff urges the court to treat her claim as one for such damages. Accordingly, the court will consider her claim under this standard. Unlike punitive damages, liberal damages are not imposed with the intent to punish, but are intended to compensate the plaintiff for those damages which are incapable of exact pecuniary valuation and were the result of malice. See id. at 464.

To justify the award of enhanced compensatory damages, the plaintiff must allege and prove wanton, malicious, and oppressive conduct. See Johnsen v. Fernald, 120 N.H. 440, 442, 416 A.2d 1367, 1368 (1980)(citing Munson v. Raudnois, 118 N.H. 474, 479, 387 A.2d 1174, 1177 (1978)). In meeting this burden of proof, the plaintiff

5

may not simply allege and prove an intentional tort, but must connect tortious conduct with the requisite motive. See id. Rather than allow an award of liberal damages to be based on implied or legal malice, the New Hampshire Supreme Court has stated that

> we prefer to base such an award only on a showing of actual malice. There must be ill will, hatred, hostility, or evil motive on the part of the defendant. Without such a showing, the mere commission of a tort will not give rise to the aggravated circumstances necessary for the award of liberal compensatory damages.

Munson, supra, 118 N.H. at 479, 387 A.2d at 1177 (emphasis added). In Johnsen, supra, 120 N.H. at 441, 416 A.2d at 1368, for example, the supreme court rejected the argument that driving while intoxicated alone amounts to wanton or malicious conduct. Although the court considered the conduct "deplorable," it held that "[i]n the context of measuring damages . . . we do not equate the act of driving while under the influence with the term 'malice'." Id. Here, the supreme court emphasized that the mere commission of a tort will not, without proof of motive or state of mind, give rise to the aggravated circumstances necessary for the award of liberal damages. See id. at 441-442, 1368 (quoting Munson, supra, 118 N.H. at 479, 387 A.2d at 1177).

As applied to the instant case, Thistle's memorandum of law and supporting documents, even when viewed in the light most favorable to her, simply do not satisfy the requirement that a party seeking enhanced compensatory damages must show the defendant

6

was motivated by ill will, hatred, hostility, or evil motive. See Munson, supra, 118 N.H. at 479, 387 A.2d at 1177. Thistle argues in her memorandum that she has indicated "physical and brutal behavior by the defendant's employees." See Memorandum in Support of Plaintiff's Objection to Defendant's Motion for Summary Judgment (Plaintiff's Memorandum) at 1. In support of this allegation, plaintiff refers the court to pages 18-26 of her deposition. However, Thistle's deposition contains no evidence that defendant's employees were motivated by ill will or malice. Even assuming that the conduct of Filene's employees was "physical and brutal," Thistle has not proved the requisite motive necessary to qualify for liberal damages.

Thistle also argues that only the fact finder is authorized to evaluate the defendant's motivation and that it would be improper for this court to grant defendant's motion for summary judgment at this stage in the litigation. See Plaintiff's Memorandum at 1. Although motive is generally a question of fact, the First Circuit has stated that "where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Smith v. Stratus Computer, Inc., 40 F.3d 11, 13 (1st Cir. 1994) (Citations omitted.)

Such is the situation in the instant case. Thistle argues that she was placed in fear by the words and deeds of Filene's

7

employees.  Thistle's state of mind, however, is not evidence of the "ill will, hatred, hostility, or evil motive on the part of the defendant" necessary to support liberal damages. See Johnsen, supra, 120 N.H. at 442, 416 A.2d at 1367 (quoting Munson, supra, 118 N.H. at 479, 387 A.2d at 1177).

Indeed, not only does the evidence of record in this case fail to provide any support for an allegation of malice, all the evidence seems to support Filene's contention that its employees' actions were justified.  Under New Hampshire law, "[a] merchant, or his agent, is justified in detaining any person who he has reasonable grounds to believe has committed shoplifting. . . provided such detention is conducted in a reasonable manner."  RSA 627:8(a) (1997).  Even if a jury were to find that the actions of Filene's employees were unreasonable and amounted to an intentional tort, Thistle would still have to allege and prove the requisite wanton, malicious, or oppressive behavior in order to claim liberal damages.  See Munson, supra, 118 N.H. at 479, 387 A.2d at 1177.  Although intent may be inferred from circumstantial evidence, see eg., FDIC v. Elio, 39 F.3d 1239, 1248 (1st Cir. 1994), this court finds nothing in the plaintiff's evidence that would permit a reasonable jury to find the wanton,

malicious, or oppressive conduct necessary to sustain enhanced compensatory damages.

### 3. Plaintiff's Motion to Compel

Plaintiff's motion to compel relates to her interrogatories numbered 4 and 10, which were actually requests for document production. The plaintiff requested all documents concerning the allegations of theft against the plaintiff and all documents relating to her apprehension and interrogation. According to plaintiff, despite several requests, the defendant has failed to produce such documents. In particular, plaintiff points to deposition testimony of two defense witnesses who indicated that they had made contemporaneous reports regarding plaintiff's detention. Although Filene's states that after the depositions it "produced additional records responsive to the plaintiff's requests," it has not indicated that it produced the reports specifically identified. To the extent defendant has such reports in its possession that it has not already produced, it shall turn over such records to plaintiff's counsel within 10 days of the date of this order. No sanctions will be ordered at this time. Cf. RW Int'l Corp. v. Welch Foods Inc., 937 F.2d 11, 17 (1st Cir. 1991) ("[U]nless the failure of discovery is absolute, or nearly so, Rule 37(b)(2) sanctions are unripe."). Pursuant to Rule 37(a)(4)(a),

9

defendant shall pay plaintiff all reasonable expenses incurred in making the motion.

## Conclusion

For the abovementioned reasons, defendant's motion for summary judgment on Count II (document 20) is granted and enhanced compensatory damages are not available in this case. Plaintiff's motion to compel (document 24) is hereby granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

December 30, 1998

cc:  Andrew M. Richelson, Esq.
     Jeffrey H. Karlin, Esq.

10